# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ENTROPIC COMMUNICATIONS, LLC., | |
| Plaintiff, | Case No. 2:24-cv-00911-RWS-RSP |
| v. | **JURY TRIAL DEMANDED** |
| UBEE INTERACTIVE HOLDING CORPORATION, | |
| Defendant. | |

# MEMORANDUM IN SUPPORT OF DEFENDANT'S
# MOTION TO STAY PENDING THIRD-PARTY *INTER PARTES* REVIEW

## TABLE OF CONTENTS

Page No.

I. INTRODUCTION ........................................................................................................1

II. FACTUAL BACKGROUND......................................................................................1

III. THIS CASE SHOULD BE STAYED PENDING RESOLUTION OF THE
INSTITUTED IPR OF THE '775 PATENT ................................................................2

    A. Legal Standard ................................................................................................2

    B. Entropic Will Suffer No Cognizable Prejudice ..............................................4

    C. A Stay Will Simplify the Case........................................................................6

    D. The Case Is in Its Early Stages .......................................................................9

IV. CONCLUSION..........................................................................................................11

## TABLE OF AUTHORITIES

**Page No(s).**

*Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*,
   No. 1:20-CV-611-LY, 2022 WL 1447948 (W.D. Tex. Feb. 7, 2022) ........................................ 4

*CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd.*,
   No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976
   (E.D. Tex. Feb. 14, 2019) ................................................................................................ passim

*Delta Elecs., Inc. v. Vicor Corp.*,
   No. Wa-23-Cv-726-Kc, 2024 WL 2838273 (W.D. Tex. June 5, 2024) .................................... 5

*e-Watch, Inc. v. FLIR Sys., Inc.*,
   No. No. H–13–0638, 2013 WL 8695916 (S.D. Tex. Aug. 8, 2013) ..................................... 3, 8

*E-Watch, Inc. v. Lorex Canada, Inc.*,
   No. H-12-CV-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ........................................ 7

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ................................................................................................ 3

*LS Cloud Storage Techs., LLC v. Google, LLC*,
   No. 1:22-CV-00853-RP, 2023 WL 5004870 (W.D. Tex. July 25, 2023) ................................. 7

*Murata Mach. USA v. Daifuku Co.*,
   830 F.3d 1357 (Fed. Cir. 2016) ................................................................................................ 3

*Neuro Cardiac Techs., LLC v. LivaNova, Inc.*,
   No. H-18-1517, 2018 WL 4901035 (S.D. Tex. Oct. 9, 2018) .................................................. 5

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13–CV–1058–WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) .......................... 6, 8

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
   No. 6:13–cv–384–JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) .......................... 3, 6, 8, 9

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
   100 F.4th 1348 (Fed. Cir. 2024) ............................................................................................... 2

*Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*,
   No. 4:19-cv-487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) ............................................. 9

*Polaris PowerLED Techs., LLC v. Dell Techs. Inc.*,
   No. 1:22-CV-973-RP, 2024 WL 1546973 (W.D. Tex. Mar. 5, 2024) ...................................... 8

## TABLE OF AUTHORITIES
(*cont'd*)

**Page No(s).**

*Relink US LLC v. Tesla, Inc.*,
   No. 1:23-CV-1093-DII, 2024 WL 1219740 (W.D. Tex. Mar. 21, 2024) ................................. 5

*Scorpcast, LLC v. Boutique Media*,
   No. 2:20-cv-00193-JRG-RSP, 2021 WL 3514751 (E.D. Tex. June 8, 2021) ................ *passim*

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
   778 F.3d 1311 (Fed. Cir. 2015) ............................................................................................... 2

*SSL Servs., LLC v. Cisco Sys., Inc.*,
   No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871 (E.D. Tex. June 28, 2016) ........................ 4, 5

*Stragent, LLC v. BMW of N. Am., LLC*,
   No. 6:16-cv-446-RWS-KNM, 2017 WL 2839260 (E.D. Tex. Apr. 20, 2017) ........................ 10

*Universal Connectivity Techs. Inc. v. Dell Techs. Inc.*,
   No. 1:23-CV-1506-RP, 2024 WL 5159910 (W.D. Tex. Dec. 12, 2024) ............................... 4, 5

*Valtrus Innovations LTD. v. Google LLC*,
   No. 3:22-CV-66-N, 2022 WL 22887964 (N.D. Tex. Nov. 2, 2022) ....................................... 10

*Wireless Protocol Innovations, Inc. V. TCT Mobile (US) Inc.*,
   No. 6:15-CV-918-JRG-KNM, 2017 WL 11630762 (E.D. Tex. Feb. 9, 2017) .................... 9, 10

*XY, LLC v. Trans Ova Genetics, L.C.*,
   890 F.3d 1282 (Fed. Cir. 2018) ............................................................................................... 2

*Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Texas, Inc.*,
   No. 6:21-CV-00302-ADA, 2022 WL 2078030 (W.D. Tex. June 8, 2022) ......................... 9, 10

## OTHER AUTHORITIES

35 U.S.C. § 103 ............................................................................................................................... 7

35 U.S.C. § 314 ............................................................................................................................... 5

35 U.S.C. § 315 ............................................................................................................................ 5,8

35 U.S.C. § 326 ............................................................................................................................... 2

H.R. Rep. No. 112-98 (2011) .......................................................................................................... 2

## I.  INTRODUCTION

The Court should stay this case pending the final resolution of an instituted *inter partes* review ("IPR") challenging all claims of the asserted patent.  Entropic Communications, LLC ("Entropic") previously asserted the same patent against Comcast Cable Communications, LLC ("Comcast").  Comcast petitioned for IPR, challenging every claim of the asserted patent.  The PTAB instituted the IPR on September 3, 2024, months before Entropic filed this case against Ubee Interactive Holding Corporation ("Ubee").

The PTAB is, therefore, likely to simplify or even moot the entire case by invalidating Entropic's asserted claims in this case.  Staying a district court case pending the final resolution of a parallel IPR proceeding eliminates the risk of wasted resources and takes advantage of the simplification IPR proceedings offer.  Because Comcast's IPR has been instituted and this case is in its early stages, a stay is particularly warranted here.  Recognizing the substantial benefits and conserved resources resulting from a stay, courts in the Eastern District of Texas often stay cases under similar circumstances.  Before the Court and the parties devote substantial resources to fact discovery, claim construction, expert discovery, summary judgment, and trial, the Court should stay the case pending the final outcome of Comcast's IPR.

## II.  FACTUAL BACKGROUND

Entropic accuses Ubee of infringing the U.S. Patent No. 8,223,775 (the '775 patent or the "Patent-in-Suit"), related to cable modems.  Dkt. 1 ¶¶ 51-65.  Entropic previously asserted the '775 patent against third-party Comcast, which then filed an IPR petition challenging the patent.  (Lateef Decl., Ex. 1; Ex. 2.)  Comcast's IPR petition, filed February 15, 2024, challenges the validity of every claim of the '775 Patent on multiple grounds.  (Lateef Decl., Ex. 2.)  On September 3, 2024, the PTAB instituted Comcast's IPR petition, finding that Comcast had "demonstrated that there is

a reasonable likelihood that it would prevail in proving the unpatentability of at least one of the challenged claims of the '775 patent." (Lateef Decl., Ex. 3 at 43.) The PTAB is expected to issue a Final Written Decision in Comcast's IPR by September 2025. 35 U.S.C. § 326(a)(11).

Entropic also asserted the '775 patent against third-party Cox Communications, Inc. ("Cox"). (Lateef Decl. Ex. 4.) Entropic's cases against Comcast and Cox were consolidated in the Central District of California. (Lateef Decl. Ex. 5 at 3.) Comcast moved for a stay pending IPR, and Cox requested that both cases be stayed together. (Lateef Decl. Ex. 5 at 2.) The court granted the motion and stayed both cases, conditioned on Cox agreeing to be bound by the estoppel provisions in 35 U.S.C. § 315(e)(2) with respect to Comcast's IPR. (Lateef Decl. Ex. 5 at 10.)

Entropic filed this case against Ubee less than four months ago. (Dkt. 1.) Ubee recently filed its Answer and Counterclaims on February 26, 2025. (Dkt. 14.) To date, no discovery has occurred. (Lateef Decl. ¶ 6.) The Court has not issued a scheduling order or set any dates for claim construction or trial. (Lateef Decl. ¶ 7.)

### III. THIS CASE SHOULD BE STAYED PENDING RESOLUTION OF THE INSTITUTED IPR OF THE '775 PATENT

The Court should grant Ubee's motion to stay the case pending the final outcome of Comcast's parallel IPR proceedings challenging the '775 Patent because all three relevant factors favor a stay.

#### A. Legal Standard

Congress established IPRs to provide "a more efficient system for challenging patents that should not have issued" and to reduce "unwarranted litigation costs." H.R. Rep. No. 112-98, at 39-40 (2011). The Federal Circuit's affirmance of a PTAB decision canceling a patent's claims "has an immediate issue-preclusive effect on any pending or co-pending actions involving the

patent." *XY, LLC v. Trans Ova Genetics, L.C.*, 890 F.3d 1282, 1294 (Fed. Cir. 2018). The preclusive effect occurs even when a district court case reaches final judgment before the Federal Circuit affirms the PTAB. *See Packet Intelligence LLC v. NetScout Sys., Inc.*, 100 F.4th 1348, 1381 (Fed. Cir. 2024) (collecting cases). The Federal Circuit will rely on an affirmance of invalidity from an IPR to vacate a district court's judgment in the patentee's favor. *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1313, 1320 (Fed. Cir. 2015).

District courts have an inherent power to stay a patent case with a co-pending IPR. *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). Many courts have recognized that there is a "liberal policy" in favor of granting motions to stay proceedings pending the outcome of instituted IPR proceedings. *See, e.g., CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *3 (E.D. Tex. Feb. 14, 2019).

Three factors guide the stay inquiry: "(1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13–cv–384–JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014). Courts in the Eastern District of Texas often find that these factors favor a stay pending parallel IPR proceedings, even where the co-pending IPR was filed by a third party like Comcast here. *See, e.g., Scorpcast, LLC v. Boutique Media*, No. 2:20-cv-00193-JRG-RSP, 2021 WL 3514751, at *3 (E.D. Tex. June 8, 2021) (staying case pending a third-party IPR where the defendants agreed to be bound by the IPR estoppel provisions); *Norman*, 2014 WL 5035718, at *3 (same); *CyWee*, 2019 WL 11023976, at *5 n. 2 (finding the defendant's decision not to file its own IPR petition and instead move to stay based on a third party's

-3-

petition was "not fatal to its request for a stay"); *see also e-Watch, Inc. v. FLIR Sys., Inc.*, No. No. H–13–0638, 2013 WL 8695916, at *1 (S.D. Tex. Aug. 8, 2013) (conditioning the stay on the defendant being subject to IPR estoppel provisions).

B. **Entropic Will Suffer No Cognizable Prejudice**

Entropic will not suffer any undue prejudice because of a stay. Ubee understands that Entropic does not make or sell any products covered by the '775 Patent. Indeed, "Entropic was established to own [an] … intellectual property portfolio[.]" Dkt. 1 ¶ 15. Entropic's website does not refer to any available products and instead advertises Entropic's "rich patent portfolio" including "298 patent assets across 80 different patent families." (Lateef Decl. Ex. 6; Ex. 7.) Thus, Entropic is a non-practicing entity that does not compete with Ubee, and "a stay will not unduly prejudice [Entropic's] interests." *Universal Connectivity Techs. Inc. v. Dell Techs. Inc.*, No. 1:23-CV-1506-RP, 2024 WL 5159910, at *2 (W.D. Tex. Dec. 12, 2024); *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022). Rather, Entropic can be "adequately compensated by a damages award in the event that a judgment is ultimately entered in its favor." *CyWee*, 2019 WL 11023976, at *4.

As "the Federal Circuit has held, '[a] stay will not diminish the monetary damages to which [the plaintiff] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages and delays any potential injunctive remedy.'" *Id.* (quoting *Virtual Agility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)); *SSL Servs., LLC v. Cisco Sys., Inc.*, No. 2:15-cv-433-JRG-RSP, 2016 WL 3523871, at *2 (E.D. Tex. June 28, 2016). And "in a case such as this one, where [the patent owner] is not a competitor of [the accused infringer] in the market for products that contain the technology at issue, the prospect of an injunction is low."

*CyWee*, 2019 WL 11023976, at *4. Indeed, Entropic's Complaint seeks only monetary damages, as opposed to an injunction or other relief. (Dkt. 1.)

Ubee has also not used any dilatory tactics in this case. Ubee filed its motion to stay less than four months after Entropic served Ubee and before the parties invested significant amounts of time or resources into this litigation. (*See* Lateef Decl. ¶¶ 6-8.) Had Ubee filed its own IPR petition immediately after Entropic's suit was filed, the PTAB's Institution Decision likely would not have issued until May 2025. *See* 35 U.S.C. § 314(b). Therefore, any delay between the filing of this case and Ubee's current motion to stay is much smaller than it would otherwise be if Ubee had filed its own IPR and then moved for a stay after institution. Indeed, courts have found that there was no undue prejudice even where IPR petitions were filed several months into the one-year statutory period under 35 U.S.C. § 315(b). *See Neuro Cardiac Techs., LLC v. LivaNova, Inc.*, No. H-18-1517, 2018 WL 4901035, at *3 (S.D. Tex. Oct. 9, 2018) (finding no dilatory tactic where the defendant filed its IPR petition about four months after the case was filed); *Relink US LLC v. Tesla, Inc.*, No. 1:23-CV-1093-DII, 2024 WL 1219740, at *2 (W.D. Tex. Mar. 21, 2024) (finding no tactical disadvantage to the plaintiff where the defendant waited over four months to file its IPR petition and over one month after filing the petition to move for a stay); *Delta Elecs., Inc. v. Vicor Corp.*, No. Wa-23-Cv-726-Kc, 2024 WL 2838273, at *3 (W.D. Tex. June 5, 2024) (same). Therefore, Ubee has not unreasonably delayed in filing this motion.

In addition, Entropic cannot rely on the delay inherent to a stay of this case to allege prejudice. Courts have repeatedly found that the delay in the vindication of plaintiff's patent rights "is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *CyWee*, 2019 WL 11023976, at *3; *SSL Servs.*, 2016 WL 3523871,

at *2. Courts have similarly rejected arguments that a stay would tactically disadvantage plaintiffs due to "loss of evidence and witnesses." *Universal Connectivity*, 2024 WL 5159910, at *2.

In sum, the parties do not compete, monetary remedies would compensate any harm, and Ubee diligently sought a stay from this Court. Thus, Entropic will not suffer any undue prejudice as a result of a stay, and the first factor weighs in favor of a stay.

### C. A Stay Will Simplify the Case

Courts in this district have held that the "most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court." *Scorpcast*, 2021 WL 3514751, at *3 (internal quotation marks and citation omitted); *CyWee*, 2019 WL 11023976, at *7. "Staying the litigation pending the PTAB's determination of the validity of all the asserted claims of the [patent-in-suit] could narrow the issues before the court, prevent duplicative or unnecessary discovery, and encourage settlement or dismissal." *Norman*, 2014 WL 5035718, at *3.

"[T]he grant of inter partes review has been treated as a highly significant factor in the courts' determination of whether to stay cases pending PTAB review." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13–CV–1058–WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015). "[T]he PTAB's decision to institute inter partes review ordinarily means that there is a substantial likelihood of simplification of the district court litigation." *Id*. Accordingly, "after the PTAB has instituted review proceedings, the parallel district court litigation ordinarily should be stayed." *Id*. at *7. In this case, the PTAB has instituted review on each and every claim of the '775 Patent. (Lateef Decl. ¶ 2.) It is statistically highly likely that the claims will be canceled. (*See* Lateef Decl., Ex. 8 at 13) (of the claims that reach a final written decision, more than 75% were held unpatentable in fiscal year 2024.) Thus, by September 2025, the PTAB's Final Written Decision could

invalidate all claims of the '775 Patent and thus eliminate the need to try Entropic's infringement claims altogether. *See NFC Tech.*, 2015 WL 1069111, at *1 ("A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." (internal quotations and citation omitted)).

In analyzing the simplification factor, some courts in this district have noted that "[d]efendants must show more than a successful petition, they must show that the PTAB is likely to invalidate every asserted claim." *Scorpcast*, 2021 WL 3514751, at *3.  Here, as in *Scorpcast*, "[t]he PTAB granted institution on more than one asserted ground, indeed several different grounds." *Id*. Comcast's IPR challenges the sole claim asserted against Ubee in Entropic's Complaint—claim 18—on four separate grounds. (*See* Lateef Decl. Ex. 2 at 9.)  In granting institution, the PTAB found that the petitioner had "shown sufficiently for the purpose of institution" that each element of claim 18 was taught by the combination of two prior art references. (*See* Lateef Decl. Ex. 3 at 39.)  Thus, the petitioner had "demonstrated a reasonable likelihood that it would prevail in showing that claim 18 is unpatentable under 35 U.S.C. § 103 as obvious" under at least one of four grounds. *Id*.  "The PTAB has, in essence, indicated that the asserted claims are likely unpatentable." *Scorpcast*, 2021 WL 3514751, at *3.

Even if the IPR ultimately does not invalidate every patent claim at issue, this case will still be simplified and aided by the IPRs.  The PTAB's "decision may change the terms or scope of the patents at issue.  Indeed, if the USPTO in any way alters or invalidates a claim of [the asserted patent], the matters at issue in this court will change." *E-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-CV-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013).  If only some claims are invalidated, "the number of claims the district court would have to evaluate in determining the

-7-

issues would be decreased." *LS Cloud Storage Techs., LLC v. Google, LLC*, No. 1:22-CV-00853-RP, 2023 WL 5004870, at *2 (W.D. Tex. July 25, 2023).

But regardless of the outcome of the IPR, a stay will "reduce[] what otherwise would be unavoidable duplication of effort and a possibility of inconsistent results between the administrative agency and the court." *CyWee*, 2019 WL 11023976, at *9. "[E]ven if the PTAB does not invalidate any of the claims in the pending IPR proceedings, the expertise of the PTAB judges in this field of art is likely to be of considerable assistance to the Court in this complex case." *Id.* at *10; *see also E-Watch*, 2013 WL 5425298, at *2 ("[E]ven assuming that all the patents-in-suit [survived] the reexamination intact, the USPTO's in-sight and expertise regarding the validity of the patents would be of invaluable assistance.").

Moreover, staying a case pending the outcome of a parallel IPR typically simplifies the validity issues in the district court litigation because "the defendant will be estopped from challenging the validity of the claims on any ground that was, or could reasonably have been, asserted in the inter partes proceeding." *NFC Tech.*, 2015 WL 1069111, at *4 (citing 35 U.S.C. § 315(e)(2)). Here, the fact that Comcast, a third party, filed the relevant IPR does not change this analysis because Ubee agrees to be bound by the estoppel effects of 35 U.S.C. § 315(e)(2). (Lateef Decl. Ex. 9); *Polaris PowerLED Techs., LLC v. Dell Techs. Inc.*, No. 1:22-CV-973-RP, 2024 WL 1546973, at *2 (W.D. Tex. Mar. 5, 2024) (in denying a motion to lift a stay pending a third-party IPR, finding that "[t]he identity of the IPR petitioner need not be considered, especially given that Defendants have agreed to be bound by IPR estoppel.").

Courts in this district have on several occasions granted motions to stay pending third-party IPRs under similar circumstances. *See Scorpcast*, 2021 WL 3514751, at *3 (staying case pending a third-party IPR where the defendants agreed to be bound by the IPR estoppel provisions);

*Norman*, 2014 WL 5035718, at *3 (staying case pending a third-party IPR where the defendant "agreed to be estopped from asserting invalidity contentions raised and adjudicated in the [third-party] IPR proceedings"); *CyWee*, 2019 WL 11023976, at *5 n. 2 (finding the defendant's decision not to file its own IPR petition and instead move to stay based on a third party's petition was "not fatal to its request for a stay"); *see also e-Watch*, 2013 WL 8695916, at *1 (conditioning the stay on the defendant being subject to IPR estoppel provisions).

For these reasons, the instituted IPR will simplify the issues in this case regardless of its outcome. Thus, the second factor favors a stay.

**D.** <u>**The Case Is in Its Early Stages**</u>

The stage of litigation inquiry considers "whether discovery is complete and whether a trial date has been set." *Norman*, 2014 WL 5035718, at *3. "[T]his factor also considers whether the defendants acted with reasonable diligence in filing their IPR petitions and in filing their Motion to Stay." *Wireless Protocol Innovations, Inc. V. TCT Mobile (US) Inc.*, No. 6:15-CV-918-JRG-KNM, 2017 WL 11630762, at *2 (E.D. Tex. Feb. 9, 2017). "Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation." *Norman*, 2014 WL 5035718, at *3. Generally, the Court evaluates this factor as of the time the motion was filed. *See Scorpcast*, 2021 WL 3514751, at *2.

This case remains in its earliest stages as of the date of Ubee's motion. The case is in the pleading stages, with Ubee having filed its Answer and Counterclaims only eight days ago. (*See* Dkt. 14); *Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Texas, Inc.*, No. 6:21-CV-00302-ADA, 2022 WL 2078030, at *2 (W.D. Tex. June 8, 2022) (finding that "[t]he case is still in its infancy, having not progressed beyond the pleading stage."). There has been no discovery: the

parties have not served any initial disclosures, contentions, or discovery requests, and no depositions have been noticed. (Lateef Decl. ¶ 6.) Moreover, the Court has not issued a scheduling order or set a claim construction hearing or trial date. (Lateef Decl. ¶ 7.) Neither have dispositive motions been filed or other disputes taken place that require the Court's attention. (*See* Lateef Decl. ¶ 8.) Thus, "[l]ittle-to-no judicial resources have been expended on this case." *Xylon*, 2022 WL 2078030, at *3. Courts have found litigations to be in their "infancy" under similar circumstances. *See Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*, No. 4:19-cv-487, 2020 WL 1236266, at *3 (E.D. Tex. Mar. 13, 2020) (finding "[t]here is no question but that this case was in its infancy when Defendant filed its motion to stay" where "there had not been a scheduling conference, no discovery had occurred, there had been no exchange of infringement or invalidity contentions, and no trial date had been set."); *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-cv-446-RWS-KNM, 2017 WL 2839260, at *2 (E.D. Tex. Apr. 20, 2017) (finding the "case was in its infancy" where "the Court had not yet issued a scheduling order" and "[t]hus, discovery had not begun, and a trial date had not been set."); *Xylon*, 2022 WL 2078030, at *3 (finding the case was at an "early stage" where the parties had still to complete fact discovery and the claim construction hearing, and no scheduling order had yet issued); *see also Valtrus Innovations LTD. v. Google LLC*, No. 3:22-CV-66-N, 2022 WL 22887964, at *2 (N.D. Tex. Nov. 2, 2022) (finding the stage of litigation weighed in favor of granting a stay where the court had not ruled on dispositive motions or rendered a decision on claim construction).

There has also been no unreasonable delay by Ubee. Ubee filed this motion to stay less than four months after Entropic filed suit, before any significant developments or deadlines occurred. (Lateef Decl. ¶¶ 6-8.) Courts have found that defendants acted with reasonable diligence

in filing their motions to stay even after a much longer time period had elapsed. *See Wireless Protocol*, 2017 WL 11630762, at *2.

Because discovery has not begun, no scheduling order has set dates, and there was no unreasonable delay in Ubee's filing of this motion to stay, the third factor favors a stay.

## IV. **CONCLUSION**

Significant work remains ahead of the parties and Court in this case. The parallel IPR proceeding has the potential to cancel all claims of the asserted patent and dispose of this case in its entirety. Staying the case now will conserve party and Court resources, simplify the case, and aid the Court after the IPR is complete. The parties do not compete, and a stay would not unduly prejudice Entropic. Because all three factors favor a stay, the Court should stay this case pending the final outcome of Comcast's parallel IPR.

Respectfully submitted,

Dated:  March 17, 2025

By: */s/ Irfan A. Lateef*
Irfan A. Lateef
CA Bar No. 204004
irfan.lateef@knobbe.com
**KNOBBE MARTENS OLSON & BEAR LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorney for Defendant Ubee Interactive Holding Corporation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3), on March 17, 2025.

By: /s/ *Irfan A. Lateef*
Irfan A. Lateef

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned certifies that Irfan Lateef, counsel for Defendant, met and conferred with Michael Pieja, counsel for Plaintiff, on March 7, 2025. Plaintiff's counsel stated Plaintiff is opposed to the relief Defendant requests herein, leaving an open issue for the court to resolve.

By: /s/ *Irfan A. Lateef*
Irfan A. Lateef